## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RODNEY HUGHES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. CIV-19-377-RAW** |
| ) | |
| **THE STATE OF OKLAHOMA, *ex rel.,*** ) | |
| **OKLAHOMA DEPARTMENT OF** ) | |
| **VETERANS AFFAIRS,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the motion of defendant to dismiss.  Plaintiff, proceeding *pro se*, commenced this action in federal court.  Plaintiff alleges that defendant committed "medical malpractice and genital mutilation of my father."  Defendant moves for dismissal on several grounds, but the court will first address the assertion of lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) F.R.Cv.P. because it is dispositive.

The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.  *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir.2002). Plaintiff's amended complaint (#12) does not comply with Rule 8(a)(1) F.R.Cv.P. in failing to provide a "short and plain statement of the grounds for the court's jurisdiction."  While the court must liberally construe a *pro se* pleading, plaintiff's *pro se* status does not excuse his obligation

to comply with Rule 8 or any other federal procedural rule. *Kenney v. U.S. Bank of New York,* 2017 WL 6551396 (W.D.Okla.2017).

In any event, plaintiff has also failed to demonstrate either "federal question jurisdiction" or "diversity of citizenship" jurisdiction. The pertinent authorities are set forth in the *Kenney* decision. The court does not pronounce on the merits of plaintiff's claim. The court only finds that (under the present allegations) it is not properly in federal court.

It is the order of the court that the motion to dismiss (#15) is hereby granted. This action is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 4th day of MAY, 2020.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

2